# EXHIBIT B

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Made and entered into this ___ day of February 1999, by and between Maureen Dowe and Prudential Securities Incorporated ("PSI").

WHEREAS, Dowe has alleged certain claims arising out of Dowe's employment with PSI and separation therefrom; and

WHEREAS, PSI denies all such claims; and

WHEREAS, PSI and Dowe have agreed to amicably resolve any and all such claims;

NOW, THEREFORE, in full and complete settlement of such claims and in consideration of the mutual promises and covenants set forth herein, Dowe and PSI agree as follows:

1.    Payment by PSI.  Upon the expiration of fourteen (14) days following Dowe's execution of this Settlement Agreement and General Release (the "Agreement"), PSI shall pay to Dowe, in a single lump-sum payment, the total agreed-upon amount of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00), as payment in full for all alleged personal injury or other non-wage claims, including , but not limited to, any claims for emotional distress and general, special and consequential damages.  The parties acknowledge and agree that PSI shall file a form 1099-misc reflecting the above payment.

2.    Release by Dowe.  In consideration for PSI's commitment to the various arrangements described in the preceding paragraphs, and in lieu of any other benefits, as a full and final settlement, Dowe hereby releases and discharges PSI, its parent, divisions, subsidiaries and affiliates and their current and former directors, officers, shareholders, agents and employees, and each of their predecessors, successors, and assigns (hereinafter "the Company"), from any and all claims and causes of action (except for the benefits specifically set forth in this Agreement) arising out of or related to Dowe's employment, including, but not limited to, any claims for salary, bonuses, severance pay, vacation pay or any benefits under the Employee Retirement Income Security Act (except for vested benefits which are not affected by this Agreement), sexual harassment, or discrimination based on race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship status, pregnancy, medical condition or disability (as defined by the Americans with Disabilities Act, or any other state or local law), age, or any other unlawful discrimination (under the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990, Title VII of the Civil Rights Act, as amended, or any other federal, state, or local laws), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, retaliation, whistleblower rights, violation of public policy or wrongful or constructive discharge, and for attorneys' fees, that Dowe, her heirs, executors, administrators, successors, and assigns now have, ever had or may hereafter have, whether known or unknown, suspected or unsuspected, up to and including the date of this Agreement. Dowe further agrees, promises and covenants that, to the maximum extent permitted by law, neither she, nor any person, organization, or other entity acting on her behalf has or will file, charge, claim, sue, or cause or permit to be filed, charged or claimed, any action for damages or other relief (including injunctive, declaratory, monetary relief or other) against the Company involving any matter occurring in the past up to the date of this Agreement, or involving or based upon any claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Agreement (other than an action to enforce the terms herein).

3.    No Admission of Liability.  Neither this Agreement, nor anything contained herein shall be construed as an admission by the Company that it has in any respect violated or abridged any Federal, State, or local law or any right or obligation that it may owe or may have owed to Dowe. No final findings or final judgments have been made and

Dowe Settlement Agreement
February 1999
Page 2

Dowe does not purport and will not claim to be a prevailing party, to any degree or extent, nor will this Agreement or its terms be admissible in any proceeding other than in a proceeding for breach of the terms contained herein.

4.      *Cooperation by Dowe.*  Dowe agrees to cooperate with and make herself readily available to PSI or its General Counsel, as PSI may reasonably request, to assist it in any matter, including giving truthful testimony in any litigation or potential litigation, over which Dowe may have knowledge, information or expertise.

5.      *Confidential and Proprietary Information of PSI.*  Dowe understands and agrees that all books, records, documents and information, whether written or not, pertaining to PSI's business activities, are the confidential and proprietary property of PSI (hereinafter referred to as "trade secrets and confidential and proprietary information"). Dowe warrants, covenants, and agrees that she will not disclose any of PSI's trade secrets and confidential and proprietary information to any person or entity not employed, owned by, or otherwise affiliated with PSI.  Dowe further agrees that she shall not be entitled to copies, in any form, of such trade secrets and confidential and proprietary information and that she shall immediately return to PSI any copies of such information currently in her possession.

6.      *Nondisparagement.*  Dowe represents that she has not and agrees that she will not in any way disparage PSI, its current and former officers, directors and employees, or the Company, or make or solicit any comments, statements, or the like to the media or to others that may be considered to be derogatory or detrimental to the good name or business reputation of any of the aforementioned parties or entities.

7.      *Testimony Required by Law or Regulatory Authority.*  Dowe further agrees that she will not at any time discuss any matter concerning PSI with anyone adverse or potentially adverse to PSI on any matter including employment claims or customer claims, without the prior written consent of Counsel for PSI.  Nothing contained herein, however, shall preclude Dowe from discussing any matter concerning PSI with any governmental regulatory or self-regulatory agency.  Further, if required by a governmental regulatory agency or self-regulatory agency to provide testimony or information regarding the PSI, Dowe will cooperate with said regulatory agency.  If compelled to testify by a validly served subpoena in any legal proceeding or by regulatory authority, Dowe will testify truthfully as to all matters concerning her employment at PSI.

8.      *Confidentiality of Agreement.*  Dowe agrees not to disclose or cause to be disclosed, either directly or indirectly, to any person or organization, except to her legal and financial advisor(s), or as required by law, or governmental regulatory or self-regulatory authority, any information regarding the amount of, terms of, or facts or circumstances underlying this Agreement.

9.      *Indemnification.*  Dowe expressly warrants and represents to PSI that she will indemnify PSI against, and hold PSI harmless from, the tax consequences, if any, of PSI's not withholding taxes from, or reporting to the Internal Revenue Service as income, the aforementioned payment, including, but in no way limited to, any and all taxes, interest, and/or penalties incurred in connection therewith.

10.     *Entire Agreement and Severability.*  The parties hereto agree that this Agreement may not be modified, altered or changed except by a written agreement signed by the parties hereto.  The parties acknowledge that this constitutes the entire agreement between them superseding all prior written and oral agreements.  If any provision of this Agreement is held to be invalid, the remaining provisions shall remain in full force and effect.

Dowe Settlement Agreement
February 1999
Page 3

11.    Arbitration.  Any claim or controversy arising out of or related to this
Agreement or the interpretation thereof will be settled by arbitration under the then
prevailing constitution and rules of the New York Stock Exchange, Inc., or the National
Association of Securities Dealers, Inc.  Judgment based upon the decision of the arbitrators
may be entered in any court having jurisdiction thereof.  The governing law of this
Agreement shall be the substantive and procedural law of the State of New York.

12.    Breach of Agreement.  Should Dowe violate any provision of this Agreement,
the Company may apply for appropriate relief.  In any proceeding to enforce the terms of
this Agreement, the Agreement may be introduced under seal in order to maintain its
confidentiality.  Dowe understands and agrees that the damage to the Company due to any
such breach will be extremely difficult to determine.  Because of this difficulty, Dowe
agrees that in the event of a finding of such breach, she will forfeit to PSI all amounts
received pursuant to this Agreement, and she shall indemnify PSI for any and all costs
incurred in connection with any such recovery, including reasonable attorneys' fees.
Notwithstanding any such relief, all of the other terms of this Agreement, including,
without limitation, Dowe's release of claims, shall remain in full force and effect.  The
remedies provided for in this provision shall not be construed to be exclusive and do not
bar any other claims for relief.

13.    Voluntary Execution.  Dowe acknowledges that she has carefully read this
Agreement and understands all of its terms including the full and final release of claims set
forth above. Dowe further acknowledges that she has voluntarily entered into this
Agreement; that she has not relied upon any representation or statement, written or oral,
not set forth in this Agreement; that the only consideration for signing this Agreement is as
set forth herein; that the consideration received for executing this Agreement is greater
than that to which she may otherwise be entitled; and that this document gives her the
opportunity and encourages her to have this Agreement reviewed by her attorney and tax
advisor. Dowe also acknowledges that she has been afforded at least twenty-one days to
consider the release provision contained herein and that she has seven days after signing
this Agreement to revoke it in writing.  Accordingly, no payments required under this
Agreement shall be made until the expiration of seven days following Dowe's execution of
the Agreement.

Dowe Settlement Agreement
February 1999
Page 4

IN WITNESS WHEREOF, the parties hereto evidence their agreement by their signatures.

PRUDENTIAL SECURITIES INCORPORATED

Date:                        _____
                             BY:

Date: 2/16/99                _____
                             MAUREEN DOWE