UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
MAUREEN DOWE; ELVIE MOORE; and ESTHER    :
BUCKRAM, individually and on behalf of   :
those Class members similarly            :    18cv11633 (DLC)
situated,                                :
                                         :    ORDER
                             Plaintiffs, :
              -v-                        :
                                         :
PRUDENTIAL FINANCIAL INC., parent and    :
successor in interest to PRUDENTIAL      :
SECURITIES, INC.; ERIC SCHWIMMER; and    :
JOHN DOES 1-25, fictitious persons and   :
entities,                                :
                                         :
                             Defendants. :
                                         :
----------------------------------------X

DENISE COTE, District Judge:

   This action was filed on December 12, 2018.  An Opinion and Order of November 22, 2019 (the "November 22 Opinion") granted a motion to compel arbitration of plaintiff's claims against Prudential Financial Inc. and Eric Schwimmer (the "Prudential Defendants").  The November 22 Opinion also dismissed claims against Leeds & Morelli, P.C. and its successors ("LMB") on statute of limitations grounds.  On May 22, 2020, the Prudential Defendants filed a letter indicating that the plaintiffs had not commenced any arbitration proceedings in the intervening six months.  An Order of May 26 instructed the plaintiffs to commence arbitration proceedings and warned that if they did not

do so by June 5, their claims against the Prudential Defendants could be dismissed with prejudice.

On June 4, new counsel appeared for the plaintiffs. On June 5, plaintiffs submitted a Statement of Claim (the "Claim") to the Financial Industry Regulatory Authority ("FINRA") for arbitration. On July 22, FINRA issued a deficiency notice indicating, inter alia, that it would not accept plaintiffs' Claim for arbitration unless it were amended to remove any class action claims. The notice gives plaintiffs until August 21 to correct the deficiencies, or FINRA will close the case. Plaintiffs filed a letter suggesting the claims against LMB be severed under Rule 54(b), Fed. R. Civ. P., and that the November 22 Opinion be certified for an interlocutory appeal under 28 U.S.C. § 1292(b). On July 23, the Prudential Defendants filed an opposing letter, and the plaintiffs filed a further letter in reply.

Plaintiffs have not shown that a Rule 54(b) severance or a § 1292(b) certification would be appropriate. Plaintiffs argue that an interlocutory appeal is necessary because they wish to proceed on a class basis, and FINRA will not accept such claims. The arbitration clause agreed to by plaintiffs and the Prudential Defendants reads as follows:

> Any claim or controversy arising out of or related to this Agreement or the interpretation thereof will be settled by arbitration under the then prevailing

> constitution and rules of the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. Judgment based upon the decision of the arbitrators may be entered in any court having jurisdiction thereof. The governing law of this Agreement shall be the substantive and procedural law of the State of New York.

(emphasis added). The Second Circuit has enforced such arbitration clauses, in which the governing procedural rules are those in effect at the time a claim is filed, rather than those from the time the contract was formed. See Wells Fargo Advisors, LLC v. Sappington, 884 F.3d 392, 397 (2d Cir. 2018); see also Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1417 (2019) ("Neither silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to" class arbitration.).

As plaintiffs have not made a formal motion for severance or for certification of an interlocutory appeal, those issues are not finally determined at this time. What is certain is that resolution of this matter should not be further delayed. Plaintiffs apparently have until August 21 to decide whether to amend their Claim to be compliant with FINRA rules. Accordingly, it is hereby

ORDERED that plaintiffs shall file a status letter by **August 21, 2020** indicating whether they will be proceeding with FINRA arbitration. If they decline to proceed with arbitration,

3

IT IS FURTHER ORDERED that the plaintiffs shall show cause by **August 28, 2020** why their claims against the Prudential Defendants should not be dismissed with prejudice for noncompliance with the November 22 Order.

Dated:  New York, New York
        July 24, 2020

                                                  _____
                                                  DENISE COTE
                                                  United States District Judge